RECEIVED
IN ALEXANDRIA, LA.

JUL 1 0 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC CHRISTOPHER GENTRIS, SR.<br>LA. DOC. #128071 | DOCKET NO. 08-CV-1315; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WILLIAM O'CONNELL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro* se plaintiff Eric Christopher Gentris, Sr. filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 22, 2008, in the Eastern District of Louisiana. The case was transferred to the Western District of Louisiana on August 29, 2008. Plaintiff's motion to proceed *in forma pauperis* was granted on December 18, 2008. Plaintiff was ordered to amend his complaint, which he did on April 14, 2009.

Plaintiff is currently incarcerated at the Madison Correctional Center in Tallulah, Louisiana. He complains that he was denied appropriate medical treatment at Lasalle Correctional (LCC), Catahoula Correctional Center (CCC), Richwood Correctional Center (RCC), and Madison Correctional Center (MCC). Plaintiff names the following individuals as defendants: William McConnell (improperly named as O'Connell), Clay McConnell (improperly named as O'Connell), and Leroy Holiday. In his amended complaint, Plaintiff added as defendants the "medical staff" and wardens at LCC, CCC, RCC, and MCC. He seeks injunctive relief in the form of

a transfer to another facility, as well as damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**Statement of the Case**

Plaintiff was incarcerated at LaSalle Correctional from November 2007 until January 20, 2008 when he was transferred to Richwood Correctional Center. Two or three months later, in March or April 2008, he was transferred from Richwood to Catahoula Correctional Center. [Doc. #1, p.3] On June 13, 2008, Plaintiff was transferred to Madison Correctional, where he is still incarcerated. As noted above, he filed suit on July 22, 2008 in the Eastern District of Louisiana about one month after his arrival at MCC.

Plaintiff alleges that Defendants William and Clay McConnell are co-owners of LaSalle, Richwood, Catahoula, and Madison Correctional Centers and that Leroy Holiday is the supervisor of those prisons. He claims that these defendants, along with the "medical staff" and wardens, are liable to him for inadequate medical care while incarcerated at these four facilities.

Plaintiff complains that the facilities are not "set up" to handle any serious medical, dental, or eye care needs; that there is no medical staff present during the evening and night hours; there is no dentist or eye doctor on staff; and, unqualified

officers pass out medications. Plaintiff also alleges that he needs to be transferred to a DOC facility for medical reasons. Plaintiff is around forty-six years old, and he claims that he needs to have surgery on his left thigh, knee replacement surgery on both knees, hernia surgery, needs top and bottom dentures, and needs prescription eye-glasses. Plaintiff also complains that his administrative grievances were not resolved. He was ordered to amend his complaint to provide allegations of deliberate indifference by the defendants, as opposed to mere negligence.

## Law and Analysis

### 1. *Grievances*

Plaintiff complains that his due process rights were violated because his administrative grievances have not been addressed and/or resolved. However, the narrowing of prisoner due process protection announced in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995) leaves prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. See <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 138 (1977)(Burger, C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); <u>Taylor v. Cockrell</u>, 2004 WL 287339 at

*1 (5th Cir. Feb.12, 2004)(not designated for publication)(holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). Thus, Plaintiff's allegation that Defendants violated the grievance procedure does not amount to a constitutional claim.

2. *Injunctive Relief*

Plaintiff seeks injunctive relief in the form of a transfer to a different prison. However, a prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). Pursuant to Procunier v. Martinez, 416 U.S. 396 (1974), the decisions of a state prison administration are given wide discretion regarding the operation of prison facilities. Plaintiff's claim for a transfer should be dismissed.

Plaintiff also asks that an investigation be conducted into the prisons owned by the McConnells and that "something be done" to improve the medical departments. Federal courts are not prison managers and, ordinarily, courts accord great deference to the internal administrative decisions of prison officials. See Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Haggerty v. Wainwright, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230 (2001);

accord Washington v. Harper, 494 U.S. 210, 223-24 (1990); Turner v. Safley, 482 U.S. 78, 84-85 (1987).

To the extent that Plaintiff seeks injunctive relief only affecting himself and not the medical department, he has not stated a claim. First, to obtain a preliminary injunction a Plaintiff must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).[1] Also, a civil rights plaintiff must support his claims with **specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.** See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); see also Sias v. Louisiana 146 Fed. Appx. 719 (5th Cir. 2005); Elliott v. Perez, 751 F.2d 1472, 1479 (5th Cir. 1985)(A plaintiff may not plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.)

---

[1] For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted).

According to Plaintiff, he is now receiving "outside" medical care from a doctor at E.A. Conway hospital. However, he claims that he has not received eyeglasses or new dentures. Plaintiff alleges that he is nearsighted and suffers **discomfort** without prescription eyeglasses. He also complains that, without new dentures, he experiences some pain and discomfort in chewing food. In either regard, Plaintiff does not allege that he is facing a threat of irreparable harm without the granting of injunctive relief. Thus, if he is asking for a court order to provide him with glasses and new dentures, rather than to revamp the medical departments, his request should still be denied.

### 3. Medical Care

Plaintiff states that he is a convicted prisoner, having been convicted on October 31, 2007. The constitutional right of a convicted prisoner to medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to show that his medical care violated the Eighth Amendment, Plaintiff must allege that prison officials were deliberately indifferent to his serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Plaintiff complains that LCC, CCC, RCC, and MCC are not "DOC medical facilities," and therefore they are incapable of properly treating his medical conditions. This is a conclusory allegation, which Plaintiff cannot rely on to state a claim. Plaintiff also

6

claims that the first three institutions transferred him in order to prevent him from receiving medical care. This allegation, too, is entirely conclusory. Plaintiff does make a factual allegation that the facilities have no evening staff and no medical doctor on staff. However, he does not allege that he was ever denied medical care because there was no "staff physician" or "evening staff."

Plaintiff alleges that, because the facilities have no dentist or eye doctor, he is being denied dental and eye care. Under certain circumstances, poor vision that requires corrective lenses may constitute a serious medical condition. For example, one court has held that a serious medical condition exists where visual deficiencies are such that deprivation of corrective eyeglasses could cause the prisoner to fall or walk into objects and the prisoner has, in fact, experienced such occurrences and has suffered injuries as a consequence. See Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir.1996). Another court has found that an inmate who is "legally blind," and who required eyeglasses to work or to function in the general prison population, had a serious medical condition. See Benter v. Peck, 825 F.Supp. 1411, 1416-17 (S.D.Iowa 1993). However, Plaintiff does not allege that his circumstances rise to the level of seriousness shown in these cases. Plaintiff alleges only "discomfort" due to a lack of eyeglasses. Moreover,

he does not allege that he has been injured[2] or that any medical condition has been exacerbated due to uncorrected nearsightedness.

Plaintiff also seeks damages for the denial of new dentures. It is unclear whether Plaintiff had dentures when he was first incarcerated in 2007. According to his exhibits, Plaintiff requested bottom dentures at RCC on January 1, 2008, requested top and bottom dentures at CCC on April 28, 2008, and requested top and bottom dentures at RCC on May 1, 2008. Plaintiff alleges that, without new dentures, he experiences some pain and discomfort while eating. As noted above, Plaintiff must allege that prison officials were deliberately indifferent to his serious medical needs. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required. Gobert, 463 F.3d at 345 n. 12. Moreover, to recover damages, Plaintiff must allege a physical injury that is more than de minimis. Harper, 174 F.3d at 719; Siglar, 112 F.3d 191.

In Huffman v. Linthicum, 265 Fed.Appx. 162 (5th Cir.

---

[2] Title 42 Section 1997e of the United States Code was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

2008)(unpublished), the plaintiff alleged that he suffered from, "among other things, intense physical pain, swollen gums, weight loss, disfigurement, and stomach pain" due to Defendants' failure to give him dentures. The inmate was also forced to eat a soft food diet without medical supervision. The inmate's complaint was dismissed as frivolous, but the Fifth Circuit remanded stating that, if the plaintiff suffered the injuries and conditions he alleged, then he could have a serious medical need for dentures.

In the instant case, Plaintiff has only complained of some pain and discomfort while eating and digesting food. He has not complained of symptoms indicative of a serious medical need for dentures such as constant or severe pain, swelling, bleeding gums, weight loss, headaches, stomach pain, etc. Cf. Vasquez v. Dretke, 226 Fed.Appx. 338 (5th Cir. 2007)(unpublished)(Plaintiff stated a claim for a serious medical need for dentures where dentures had been prescribed and lack of dentures caused him to suffer from difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool.); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003)(Inmate sought to obtain dentures from private dentist, but was unable to do so before incarceration. He had only two lower teeth, was forced on a soft food diet, had difficulty closing his mouth, suffered severe swelling and soreness of his gums, experienced bleeding gums and weight loss.); Wynn v. Southward, 251 F.3d 588 (7th Cir. 2001)(Plaintiff stated a claim for

serious medical need where inmate alleged that a lack of dentures caused bleeding gums, inability to eat, headaches, and disfigurement.); Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989)(Plaintiff stated a claim for serious medical need in alleging severe pain, permanent damage to his teeth, bleeding and infected gums, breaking teeth, and an inability to eat properly.) Gentris has not alleged that he suffers from the type of symptoms that could indicate a serious medical need as seen in other cases involving the denial of dentures.

## Conclusion

Plaintiff had the opportunity to amend his complaint, and the Court has considered the original and amended complaints. The undersigned is convinced that Plaintiff has presented the best case that could be presented by him; therefore, further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true and for the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk**

of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE